UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD JAMES WILKINS,

             Petitioner,

   v.

JEFFREY A. UTTECHT,

             Respondent.

CASE NO. 3:19-cv-06122-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  April 17, 2020

     The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Edward James Wilkins filed his federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 5. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition. Because petitioner's time for pursuing state remedies has expired, petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends that the petition be dismissed with prejudice. The Court also recommends denying petitioner's motion for summary judgment (Dkt. 15) as moot.

1

2                                      **BACKGROUND**

3          Petitioner is in custody under a state court judgment and sentence imposed for his

4   convictions of rape of a child in the first degree and child molestation in the first degree. Dkt. 14,

5   Exhibit 1. Petitioner, through counsel, appealed his convictions to the Washington Court of

6   Appeals. Dkt. 14, Exhibits 3, 4, 5, 6, 7. The Washington Court of Appeals affirmed the judgment

7   and sentence. Dkt. 14, Exhibit 2.

8          Petitioner then sought review by the Washington Supreme Court. Dkt. 14, Exhibits 8, 9.

9   On appeal, petitioner presented the following issues to the Washington Supreme Court:

10          **1.** [ ] Did the court violate Mr. Wilkins's right to be free from double jeopardy
            [under the Sixth and Fourteenth Amendments] by entering convictions for both rape
11          of a child and child molestation based on evidence of a single act of penetration?

12          **2.** [ ] Does judicial estoppel prohibit the state from  arguing on appeal that the
            court should affirm Mr. Wilkins's convictions for both   rape of a child and child
13          molestation when the prosecutor persuaded the trial court   to permit a late
            amendment to the charging document by averring that the two  convictions would
14          merge for double jeopardy purposes?

15   Dkt. 14, Exhibit 8 at 1. On March 7, 2018, the Washington Supreme Court denied review.

16   Dkt. 14, Exhibit 10. On March 19, 2018, the Washington Court of Appeals issued the

17   mandate. Dkt. 14, Exhibit 11.

18          Petitioner filed a *pro se* personal restraint petition ("PRP") in the Washington Court of

19   Appeals. Dkt. 14, Exhibits 12, 13, 14. The Washington  Court of Appeals denied the PRP. Dkt.

20   14, Exhibit 15. Petitioner sought review by the Washington Supreme Court. Dkt. 14, Exhibit 16.

21   In his PRP, petitioner presented the following  issues to the Washington Supreme Court:

22          i). Did the trial court violate Mr. Wilkins's Sixth Amendment  Constitutional
            Right to a Constitutionally Sufficient Information?
23

24

REPORT AND RECOMMENDATION - 2

ii). Was Mr. Wilkins's Sixth Amendment Constitutional Right to Effective Assistance of Counsel violated by the Multiple Acts of Deficient Performance Committed by Defense Counsel?

Dkt. 14, Exhibit 16 at 3. As of the date of respondent's answer, the motion for discretionary review remains pending before the Washington Supreme Court. *See* Dkt. 14, Exhibit 17, Letter from Supreme Court, setting briefing schedule, dated December 16, 2019. In his pending PRP, petitioner requests that his convictions be reversed. Dkt. 14, Exhibit 16.

On November 25, 2019, petitioner filed this petition pursuant to § 2254. Dkts. 1, 5. Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 5. On January 29, 2020, respondent filed an answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 13. Respondent maintains that the petition should be dismissed with prejudice as unexhausted and procedurally barred. Dkt. 13. Petitioner did not file a traverse but filed a "supplement to motion for petitioner initiated summary judgment" ("motion for summary judgment") on February 5, 2020. Dkt. 15.

As an initial matter, the Court notes that the PRP has not been finally resolved by the state court. *See* Dkt. 14, Exhibit 16. If petitioner's relief is granted, the instant petition may be moot. However, neither party addresses this circumstance. *See* Dkt. 5, 13, 15. In addition, respondent does not address whether federal intervention with petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). However, since the matter can be resolved without deciding these issues, the Court sees no reason to make a determination on mootness or *Younger* abstention at this time.

## DISCUSSION

1    Respondent maintains that petitioner failed to exhaust the grounds raised in the petition

2    and is procedurally barred from federal review. Dkt. 13.

3

4        1.   *Exhaustion of State Remedies*

5        "[A] state prisoner must normally exhaust available state judicial remedies before a

6    federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275

7    (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been

8    afforded] a meaningful opportunity to consider allegations of legal error without interference

9    from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must

10   give the state courts one full opportunity to resolve any constitutional issues by invoking one

11   complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S.

12   838, 845 (1999).

13       A federal habeas petitioner must provide the state courts with a fair opportunity to correct

14   alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v.*

15   *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state

16   supreme court even though the state court did not reach the argument on the merits). It is not

17   enough if all the facts necessary to support the federal claim were before the state courts or if a

18   somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404

19   U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a

20   specific federal constitutional guarantee, as well as a statement of the facts entitling petitioner to

21   relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d

22   657, 668 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state

23   remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See*

24   *Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the petition, petitioner raises four grounds for relief asserting he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 5. In Grounds One and Four, petitioner alleges a violation of the Fifth Amendment based on a lack of a grand jury indictment. Dkt. 5 at 5, 10. In Ground Two, petitioner contends that his rights under Article IV and VI of the Constitution have been violated, and his arrest, conviction, and imprisonment are illegal. Dkt. 5 at 7. In Ground Three, petitioner contends that he has not been convicted of his crimes and as a result, he has been "enslaved" and placed into involuntary servitude in violation of the Thirteenth Amendment. Dkt. 5 at 8. In Ground Four, in addition to his Fifth Amendment claim, petitioner also alleges violations of the Fourteenth Amendment, and he has been deprived of life, liberty, and property. Dkt. 5 at 10.

Petitioner did not raise any of same grounds in the petition as he raised in his direct appeal or PRP. Dkt. 14, Exhibits 3, 8, 12, 16. Rather, in his direct appeal, petitioner raised double jeopardy and judicial estoppel claims. Dkt. 14, Exhibits 3, 8.  In his PRP, petitioner raised claims alleging that the information did not include all elements of the offense and that defense counsel provided ineffective assistance. Dkt. 14, Exhibits 12, 16. Although petitioner challenged the sufficiency of the charging document in his PRP, this claim rested  upon the allegation that the information did not contain all the elements of the charged offense. Dkt. 14, Exhibits 12, 16. Petitioner did not allege the denial of a grand jury indictment in violation of the Fifth Amendment as he did in the instant petition in Grounds One and Four. *Id.;* Dkt. 5. Thus, the claims raised in petitioner's PRP are separate constitutional claims from the claims he raised in the instant petition. *Compare* Dkt. 5 *with* Dkt. 14, Exhibits 12, 16. *See Kelly v. Small,* 315 F.3d 1063, 1068 & n. 2 (9th Cir. 2003); *See Wood v. Ryan,* 693 F.3d 1104, 1117 (9th Cir. 2012); *Gray,* 518 U.S. at 162-163 (1996) (petitioner must include reference to a specific federal constitutional guarantee).  Accordingly, the distinct nature of the sufficiency of the charging document claim

1    raised in the PRP and the denial of a grand jury indictment claims alleged here preclude a finding

2    that petitioner exhausted Grounds One and Four to the state's highest court.

3              As petitioner did not raise any of the four grounds in the instant petition in his direct

4    appeal or PRP, he did not give the state court a full and fair opportunity to determine if a federal

5    constitutional violation occurred when he was convicted of rape. *See Baldwin v. Reese*, 541 U.S.

6    27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly

7    present' his claim in each appropriate state court (including a state supreme court with powers of

8    discretionary review), thereby alerting that court to the federal nature of the claim."); *Ortberg v.*

9    *Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not

10   raised on every level of direct review).

11             In the motion for summary judgment, petitioner contends that this Court has original

12   jurisdiction, and therefore, an "obligation to rule on this petition first and before any other courts,

13   including the courts of Washington State." Dkt. 15 at 1. The Court may consider an unexhausted

14   federal habeas petition if it appears "there is an absence of available State corrective process . . . or

15   circumstances exist which render such process ineffective to protect the rights of the applicant." 28

16   U.S.C. 2254(b)(1)(B). However, petitioner has not shown there is an absence of available state

17   corrective processes or circumstances exist rendering any state process ineffective. Rather,

18   petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional

19   authority. Accordingly, the Court finds that petitioner has not shown that there are no state court

20   remedies available to him. Therefore, the Court concludes that all four grounds raised in the

21   petition were not properly exhausted.

22             2.   *Procedural Default*

23             Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*,

24   290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal

claim when it is clear the state court has been presented with the federal claim but declined to

reach the issue for procedural reasons or it is clear the state court would hold the claim

procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now

preclude the petitioner from raising his claim at the state level, the claim is considered

"procedurally defaulted" and the federal courts are barred from reviewing the petition on the

merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

All four grounds raised in the petition are procedurally defaulted because if petitioner

attempted to present these claims in a subsequent PRP, the state court would find the claims

barred by Washington State law. Washington State imposes a one-year statute of limitations on

filing a PRP or other post-conviction challenges. RCW § 10.73.090. Here, the Washington Court

of Appeals issued a mandate finalizing petitioner's state appeal on March 19, 2018. Dkt. 14,

Exhibit 11. The time to file a petition or motion for post-conviction relief expired March 19,

2019, one year after petitioner's conviction became final. *See* RCW 10.73.090(1), (2)(b). As the

one-year statute of limitations has passed, petitioner is barred from filing a subsequent PRP. *See*

*id.* at (1).

Further, under Washington State law, the state court of appeals will not consider a second

or successive PRP unless the petitioner certifies he has not filed a previous petition on similar

grounds and shows good cause as to why he did not raise the grounds in the previous PRP. *See*

RCW 10.73.140. Petitioner has not presented facts which could show good cause for his failure

to raise all four grounds raised in the petition in his current PRP which is pending before the

Washington state courts. Therefore, the petition is also subject to an implied procedural bar

because the claims would be "prohibited by an independent, adequate, and mandatory rule of

state procedure, R.C.W. § 10.73.140, making a return to state court futile." *See Bolar v. Luna*,
2007 WL 1103933, at *11 (W.D. Wash. April 10, 2007).

As petitioner would be precluded from asserting all four grounds raised in the petition in
the state court, these claims are procedurally defaulted in federal court. *See Coleman*, 501 U.S. at
731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33
F. Supp. 2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to
the highest state court available and is now barred from doing so by a state procedural rule,
exhaustion is satisfied because no state remedy remains available, but the petitioner has
procedurally defaulted on his claim.").

However, procedural default will be excused and a petitioner will be entitled to federal
habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result
of the alleged violation of federal law, or demonstrate that failure to consider the claims will
result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126
(9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show
some objective factor external to the defense prevented him from complying with the state's
procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).
To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the
errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and
substantial disadvantage, infecting his entire trial with error of constitutional dimensions."
*United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Only in an "extraordinary case" may the habeas court grant the writ without a showing of
cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional
violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477
U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the

1    evidence in light of new reliable evidence, the petitioner must show "it is more likely than not

2    that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v.*

3    *Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

4            In the petition, petitioner argues that he is being illegally and unlawfully imprisoned and

5    that the state court lacks jurisdictional authority. Dkt. 5. However, petitioner fails to show how

6    any alleged trial errors worked to his actual and substantial disadvantage, infecting his entire trial

7    with errors of constitutional dimensions, and thus has not shown prejudice. And although

8    petitioner contends there are "no remedies or alternative procedures," *see e.g.* Dkt. 5 at 11,

9    petitioner fails to show some objective factor external to his defense prevented him from

10   complying with the state's procedural bar rule. Furthermore, petitioner has not provided new,

11   reliable evidence showing he is actually innocent. Therefore, this is not the kind of extraordinary

12   instance where this Court should review the claim despite the absence of a showing of cause.

13   Petitioner failed to show cause or prejudice to excuse his procedural default; therefore, the Court

14   is barred from reviewing all four grounds raised in the petition on the merits. Accordingly, the

15   undersigned finds that petitioner is not entitled to relief as to the grounds raised in his petition

16   and recommends that the petition be dismissed with prejudice. *See Casey*, 386 F.3d 896.

17                              **EVIDENTIARY HEARING**

18           The decision to hold an evidentiary hearing is committed to the Court's discretion.

19   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

20   hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

21   entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

22   available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

23   state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

24   entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

1   record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

2   court is not required to hold an evidentiary hearing." *Id.* The Court finds it is not necessary to

3   hold an evidentiary hearing in this case because, as discussed in this report and recommendation,

4   petitioner's grounds may be resolved on the existing state court record.

5                                    **CERTIFICATE OF APPEALABILITY**

6          A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

7   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

8   (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

9   may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

10  constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

11  that jurists of reason could disagree with the district court's resolution of his constitutional

12  claims or that jurists could conclude the issues presented are adequate to deserve encouragement

13  to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

14  529 U.S. 473, 484 (2000)).

15         No jurist of reason could disagree with this Court's evaluation of petitioner's claims or

16  would conclude the issues presented in the petition should proceed further. Therefore, the Court

17  concludes that petitioner is not entitled to a certificate of appealability with respect to this

18  petition.

19                                           **CONCLUSION**

20         For the above stated reasons, the Court concludes that all grounds raised in the petition

21  are unexhausted and procedurally defaulted. The Court also finds an evidentiary hearing is not

22  necessary. Therefore, the Court recommends that the petition be dismissed with prejudice. The

23  Court also recommends denying petitioner's motion for summary judgment (Dkt. 15) as moot.

24

REPORT AND RECOMMENDATION - 10

1    Based on the foregoing, the Court recommends a certificate of appealability not be issued and

2    revoking *in forma pauperis* status on appeal.

3              Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

5    6. Failure to file objections will result in a waiver of those objections for purposes of de novo

6    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

8    17, 2020 as noted in the caption.

9              Dated this 25th day of March, 2020.

10

11

12

13    J. Richard Creatura
      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 11